IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA NGUYEN, et al., | ) |
|         Plaintiffs, | ) Civil Action No. 2:22-1743 |
| v. | ) Magistrate Judge Patricia L Dodge |
| EDUCATIONAL COMPUTER SYSTEMS, INC., d/b/a HEARTLAND ECSI, | ) |
|         Defendant. | ) |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

After considering Plaintiffs' (ECF No. 60) Motion for Preliminary Approval of Class Settlement,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion is GRANTED.

2. After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations between experienced counsel overseen by an experienced mediator; (b) eliminates the risk, cost, delay, inconvenience, and uncertainty of continued litigation; (c) does not provide undue preferential treatment to Class Representatives; (d) does not provide excessive compensation to counsel for the Class; and (e) is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court preliminarily approves the Settlement, subject to further consideration at the Final Approval Hearing described below.

3. The Final Approval Hearing shall be held before this Court on June 24, 2024 at 1:30 p.m. in Courtroom 9A, United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, Pennsylvania for the following purposes:

    a. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    b. to determine whether judgment should be entered, dismissing the Complaint on the merits and with prejudice;

    c. to consider the fee and expense application;

    d. to consider Settlement Class Members' objections to the Settlement, or the application for fees and expenses, if any; and

    e. to rule upon such other matters as the Court may deem appropriate.

4. The Court may adjourn the Final Approval Hearing without further notice to the members of the Class and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its judgment approving the Settlement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the fee and expense application.

5. The Court will consider objections to the Settlement or the request for fees and expenses, only if such objections and any supporting papers are sent to the Settlement Administrator and postmarked no later than thirty days prior to the Final Approval Hearing.

6. Plaintiffs' application for fees and expenses shall be filed no later than six weeks before the Final Approval Hearing. Plaintiffs' Motion for Final Approval of the Settlement, including any replies to any objections, shall be filed at least fourteen days prior to the Final Approval Hearing.

7. The Settlement Class satisfies Rule 23 and is preliminarily certified.

    a. The Class is defined as all natural persons (1) within the United States who paid a fee to Defendant Heartland ECSI ("Defendant") for (2) optional payment services to make a Perkins student loan payment by telephone, IVR, or the internet ("Processing Fee"), between December 6, 2018 through and including October 31, 2023. The class consists of borrowers who were assessed a total of $14,882,703.90 in Processing Fees during the Class Period.

8. The notice documents of the Settlement are hereby approved as to form and content. Settlement Agreement, Exhibit A1 (Email Notice); Settlement Agreement, Exhibit A2 (Postcard Notice); Settlement Agreement, Exhibit A3 (Long Form Notice).

9. The Settlement Website advising the Class Members of the Settlement is hereby approved as to form and content.

10. The firm of Kroll, LLC ("Administrator") is appointed to supervise and administer the notice procedure.

11.    Within seven days from the entry of this order, Defendant shall provide the Administrator and Class Counsel with the name, last known mailing address, email address, (if available), telephone number (if available), and social security number of each Settlement Class Member.

12.    Within twenty-one days from the date of this order, the Administrator shall cause the Email Notice to be disseminated by emailing each Settlement Class Member at his or her last known email address, or if no email address is available, mail the Postcard Notice to each Settlement Class Member at his or her own mailing address.

13.    Contemporaneous with the Email Notice and Postcard Notice, the Administrator shall display in the internet website dedicated to this case, http://www.PerkinsLoanFeeSettlement.com, the Long-Form Notice in substantially the same form as Exhibit A3.

14.    The Court finds that the proposed Notice Plan, which consists of Email Notice and Postcard Notice, as well as a Long Form Notice and Settlement Website, constitutes the best notice practicable under the circumstance, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process and all other applicable laws.

**SO ORDERED** this 6th day of March, 2024

_____
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE